UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COMPUTERSHARE TRUST COMPANY N.A. and
WISCONSIN & MILWAUKEE HOTEL FUNDING LLC,

      Appellants,

      v.                         Case No. 25-C-1984

WISCONSIN & MILWAUKEE HOTEL LLC and
U.S. TRUSTEE OFFICE OF THE U.S. TRUSTEE,

      Appellees.

---

## DECISION AND ORDER DENYING MOTION TO DISMISS

---

On December 18, 2025, Appellants Computershare Trust Company N.A. and Wisconsin & Milwaukee Hotel Funding LLC (Lenders) filed a notice of appeal seeking review of the United States Bankruptcy Court for the Eastern District of Wisconsin's December 5, 2025, order denying without prejudice Lenders' motion for relief from the 11 U.S.C. § 362(a) automatic stay. Appellee Wisconsin & Milwaukee Hotel LLC (Debtor) filed a motion to dismiss the appeal for lack of subject matter jurisdiction, asserting that the December 5, 2025, order was not a final order within the meaning of 28 U.S.C. § 158(d)(1). For the following reasons, Debtor's motion to dismiss will be denied.

## BACKGROUND

Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Wisconsin on April 9, 2024, putting an automatic stay in place pursuant to 11 U.S.C. § 362(a). Debtor filed its First Amended Chapter 11 Plan of Reorganization on April 4, 2025, and it refiled the plan on April 10, 2025. A confirmation hearing on the First Amended Plan

was scheduled for July 21, 2025. On June 5, 2025, Lenders filed a motion for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), arguing that Debtor could not show that there was a possibility of a successful reorganization within a reasonable time as required by 11 U.S.C. § 362(d)(1).

On June 27, 2025, Debtor submitted a Second Amended Plan but stated on July 17, 2025, that it did not believe the Second Amended Plan could be confirmed. The July 21, 2025, hearing, which was intended to be the confirmation hearing on the First Amended Plan, became a hearing on Lenders' motion to lift the stay. The bankruptcy court continued the hearing in August 2025. In the meantime, Debtor filed a Third Amended Plan on August 4, 2025. After the hearings, the parties submitted briefs on the issue. Debtor also advised that it intended to submit a Fourth Amended Plan.

The Bankruptcy Court entered an order on Lenders' motion to lift the stay on December 5, 2025. The court ordered that the "stay imposed by § 362(a) is modified to terminate upon entry of an order by the court denying confirmation of all plans of reorganization filed or last amended no later than December 31, 2025, and the Lenders' subsequent filing of a request that the court enter an order terminating the stay pursuant to this order, accompanied by a proposed order so providing." Dkt. No. 2 at 58. It further ordered that "Lenders' motion under § 362(d)(2) for relief from the § 362(a) stay is otherwise denied without prejudice." *Id.* Shortly thereafter, Lenders filed this appeal.

## ANALYSIS

Federal courts have jurisdiction to hear appeals from bankruptcy court orders under 28 U.S.C. § 158(a). Debtor argues that the court does not have subject matter jurisdiction over the appeal because the December 5, 2025, order was not a final order within the meaning of 28 U.S.C.

2

§ 158(d)(1).  The United States Supreme Court has held that an order denying a creditor's motion for relief from the automatic stay is immediately appealable as of right.  *Ritzen Grp., Inc. v. Jackson Masonry LLC*, 589 U.S. 35, 37 (2020).   The Court mentioned in a footnote that it was not addressing "whether finality would attach to an order denying stay relief if the bankruptcy court enters it 'without prejudice' because further developments might change the stay calculus."  *Id.* at 47 n.4.

Citing the Court's footnote in *Ritzen*, Debtor argues that an order denying a motion to lift the stay without prejudice cannot be a final order.  But that is not what the Court held.  The Court explained that an order denying a stay-relief motion is immediately appealable when it "conclusively resolve[s] the movant's entitlement to the requested relief."  *Id.* at 46.

In this case, the Bankruptcy Court's order denying the motion for relief from the automatic stay conclusively resolved the request for immediate relief.  Further development of the issues before the court would not change the stay calculus.  Instead, the Bankruptcy Court allowed further amendment of the reorganization plan.  If Lenders filed a motion to lift the stay after an amended plan was filed, it would not be a continuation of the earlier motion but would result in new briefing and analysis based on the amended plan.

In addition, 11 U.S.C. § 362 imposes strict time limits on the automatic stay.  Under § 362(e)(1), an automatic stay is terminated thirty days after a motion to lift the stay is filed, unless the court orders the stay continued "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing."  11 U.S.C. § 362(e)(1).  Continuing to deny motions to lift the stay and allow the debtor unlimited chances to amend the reorganization plan would render the statute toothless.  For these reasons, the Bankruptcy Court's

order denying the motion for relief from the automatic stay is a final order and is appealable as of right.

**IT IS THEREFORE ORDERED** that Debtor's motion to dismiss the appeal for lack of subject matter jurisdiction (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Appellants file a reply brief in support of their appeal within 14 days of the date of this order.

Dated at Green Bay, Wisconsin this 27th day of March, 2026.

William C. Griesbach
United States District Judge

4